UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua David Frank, | Case No. 23-CV-3767 (JMB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota; Moorhead Police Department; K-9 Kash; Officer Z. Johnson, #320; Officer B. Musich, #309; Officer C. Johnson, #337; Officer J. Brannan, #203; Officer J. Johnson, #348; Officer R. Reller, #311; and Officer J. Secord, #337, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and on Plaintiff Joshua David Frank's various filings.

Plaintiff, a prisoner, initiated this action under 42 U.S.C. § 1983, then promptly informed the Court that he intended to file an amended complaint. Because Plaintiff is a prisoner, his Complaint is subject to preservice review under 28 U.S.C. § 1915A. See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Section 1915A(b) provides as follows:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Because Plaintiff immediately notified the Court that he would be filing an amended complaint, review under § 1915A was delayed until Plaintiff had submitted his amended complaint, which upon filing would become the operative pleading in this matter. See Fed. R. Civ. P. 15(a)(1).

Plaintiff has since filed two documents that have been docketed as motions to amend the complaint. (See [Docket Nos. 10 & 12]). The second of those documents is, despite having been labeled by Plaintiff as a motion, in substance an amended pleading. Plaintiff was not required to seek leave of Court before filing this amended pleading, and that amended pleading became operative upon filing. See Fed. R. Civ. P. 15(a)(1). Nevertheless, to make clear that the amended pleading, [Docket No. 12], is now the operative pleading in this matter, Plaintiff's motion to amend will be granted by separate Order.

Plaintiff's Amended Complaint that is now before the Court for preservice review under § 1915A. In reviewing whether the Amended Complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

This Court has conducted the required review under § 1915A and concludes that Plaintiff has pleaded at least a colorable claim of excessive force against defendants Z. Johnson and B. Musich in those defendants' individual capacities.[1] Accordingly, by separate order, this Court will grant Plaintiff's pending applications to proceed in forma pauperis and will direct that service of process be effected as to those defendants.

That said, this Court concludes that Plaintiff's Amended Complaint does not state a claim on which relief may be granted relative to the other defendants and claims in the Amended Complaint.

First, Plaintiff names the State of Minnesota as a defendant to this action. It is not clear why the State has been named as a defendant; neither the State of Minnesota itself nor any agent of the State of Minnesota had any involvement in any of the events at issue in the Amended Complaint. In any event, the State of Minnesota is not a "person" for the purposes of § 1983 and therefore cannot be sued under that statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (noting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). The State of Minnesota therefore must be dismissed from this action.

Second, Plaintiff names "K-9 Kash," a police dog, as a defendant to this action. Needless to say, K-9 Kash is not a person for purposes of § 1983, either.

Third, Plaintiff names the Moorhead Police Department as a defendant to this action. But police departments are generally not legal entities amenable to suit. See De La Garza v. Kandiyohi County Jail, Correctional Inst., 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). The agents employed by the Moorhead Police Department may be sued under § 1983 (as Plaintiff has in fact done), but not the police department itself.

---

[1] This finding does not preclude these defendants from seeking dismissal of the Amended Complaint, whether for failure to state a claim on which relief may be granted or for any other reason.

3

Fourth, Plaintiff names five additional (human) officers of the Moorhead Police Department—C. Johnson, J. Brannan, J. Johnson, R. Reller, and J. Secord—as defendants in their individual capacities.[2] Unlike with defendants Z. Johnson and B. Musich, however, Plaintiff has not pleaded any specific factual allegations with respect to the five defendants just listed. This is fatal to Plaintiff's claims against C. Johnson, J. Brannan, J. Johnson, R. Reller, and J. Secord in their individual capacities.

To succeed on an individual-capacity claim under § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." See Washington v. Craane, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Even accepting (as this Court must) that each of the non-conclusory factual allegations in the Amended Complaint is true and drawing all reasonable inferences thereon in Plaintiff's favor, there is nothing pleaded from which a reasonable factfinder could conclude that C. Johnson, J. Brannan, J. Johnson, R. Reller, or J. Secord acted unlawfully. Accordingly, it is recommended that those defendants be dismissed from this action in their individual capacities.

Fifth, Plaintiff has named each of the (human) defendants in their official capacities as agents of the City of Moorhead, Minnesota. Official-capacity claims "generally represent only another way of pleading an action against the entity of which an officer is an agent," and "suits against officials in their official capacity therefore should be treated as suits against the [governmental entity]." Hafer v. Melo, 502 U.S. 21, 25 (1991) (citations and quotations omitted).

---

[2] Four of these defendants are listed in the caption of the Amended Complaint, (see Amended Compl. [Docket No. 12] at 1), while J. Secord is named only among the list of defendants, (see Id. at 4). Construing Plaintiff's Amended Complaint in his favor, the Court will consider all five of these officers as defendants in this action.

4

Plaintiff's official-capacity claims against the officers therefore must be regarded as though Plaintiff had pleaded the claims against the City of Moorhead itself. But to establish municipal liability under § 1983, a plaintiff must demonstrate—and, at the pleading stage, must adequately allege—that the municipality itself acted wrongfully, such as through an unlawful official municipal policy; an unlawful unofficial custom; or a deliberately indifferent failure to train, supervise, or discipline. See, e.g., Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-91 (1978). Even accepting each of the non-conclusory factual allegations in the Amended Complaint as true and drawing all reasonable inferences thereon in Plaintiff's favor, no such misconduct on the part of the City of Moorhead is alleged in the Amended Complaint. Plaintiff therefore cannot seek relief from defendants in their official capacities as agents of the City of Moorhead. Therefore, the undersigned recommends that all claims against the defendants in their official capacities should be dismissed.

Sixth, in Claim One of the Amended Complaint, Plaintiff alleges that defendant Z. Johnson asked him questions while he was in custody—an event that Plaintiff's defense attorney purported told him amounted to a Fifth Amendment violation. Plaintiff appears to be gesturing towards a violation of his Miranda rights, but such a claim is not actionable under § 1983. See Vega v. Tekoh, 597 U.S. 134, 142-50 (2022)). Nor may Plaintiff use this proceeding as a vehicle for challenging the legality of the criminal proceedings in which Plaintiff alleges his Miranda rights were violated. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

It is therefore recommended that these six aspects of Plaintiff's Amended Complaint be **DISMISSED without prejudice** pursuant to § 1915A at this time.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's claims against Defendants State of Minnesota; Moorhead Police Department; and K-9 Kash be **DISMISSED without prejudice**;

2. Plaintiff's official-capacity claims against Z. Johnson and B. Musich be **DISMISSED without prejudice**;

3. Plaintiff's official-capacity and individual-capacity claims against Defendants C. Johnson, J. Brannan, J. Johnson, R. Reller, and J. Secord be **DISMISSED without prejudice**; and

4. Count One of the Amended Complaint, [Docket No. 12], be **DISMISSED without prejudice**.


Dated: March 4, 2024           s/Leo I. Brisbois
                               Hon. Leo I. Brisbois
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).